IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **YVONNE BROWN, et al,** : | |
|       Plaintiffs : | CIVIL ACTION NO. 3:06-CV-0950-R |
| : | |
| **v.** : | |
| : | |
| **LOUISIANA OFFICE OF STUDENT** : | |
| **FINANCIAL ASSISTANCE, et al,** : | |
|       Defendants : | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's **MOTION FOR DEFAULT JUDGMENT** (filed August 24, 2006) (Dkt. 29), and Defendant's **MOTION TO DISMISS** (filed August 30, 2006) (Dkt. 33). After careful consideration of all parties' submissions and the law applicable to the issues before the Court, the Court **DENIES** the Motion for Default Judgment. Additionally, the Court ORDERS Plaintiff to respond to Defendant's Motion to Dismiss on the merits by Friday, January 19, 2006.

### I. Motion for Default Judgment

Plaintiff's Motion for Default Judgment is denied. Defendant failed to timely answer in accordance with the federal rules of procedure warranting a default judgment in favor of Plaintiff. However, the court denies Plaintiff's motion because default judgments are disfavored and should generally not be granted without more than a defendant's failure to meet a procedural time requirement. *Cf. Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984).

### II. Motion to Dismiss

After consideration of Defendant's Motion to Dismiss, the Court ORDERS Plaintiff to submit supplemental briefing on the issues of personal jurisdiction and failure to state a claim

upon which relief can be granted. Plaintiff claims that Defendant has waived the 12(b)(2) motion to dismiss for lack of personal jurisdiction because it is untimely. However, the court may raise the issue of personal jurisdiction on its own initiative. *System Pipe & Sup., Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir.2001). Further, when a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant. *Gundle Lining Const. v. Adams Cty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996). Therefore, the Court ORDERS Plaintiff to address the issue of personal jurisdiction on the merits.

Secondly, Defendant has not waived its rights under a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted as this issue can be raised at any time, including at the trial on the merits. FRCP 12(h)(2). THEREFORE, the Court ORDERS Plaintiff to address the issues of failure to state a claim on the merits.

The Court will address Plaintiff's Motion for Temporary Restraining Order (filed January 5, 2006) (Dkt. 38) after the outstanding issues in the Motion to Dismiss are addressed.

**It is so ORDERED.**

**SIGNED this 11th** day of January, 2007.

_____
**JERRY BUCHMEYER
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**