IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YVONNE BROWN, et al, <br>     Plaintiffs | : <br> : | CIVIL ACTION NO. 3:06-CV-0950-R |
| v. | : <br> : | |
| LOUISIANA OFFICE OF STUDENT <br> FINANCIAL ASSISTANCE, et al, <br>     Defendants | : <br> : <br> : | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants's **MOTION TO DISMISS** (filed August 30, 2006) (Dkt. 33) and Plaintiff's **RESPONSE TO MOTION TO DISMISS** (filed September 20, 2006) (Dkt. 36). After careful consideration of all parties's submissions and the law applicable to the issues before the Court, the Court GRANTS the Motion to Dismiss.

**I. BACKGROUND**

Plaintiffs Yvonne and Basil Brown (Browns) filed suit against Defendants Louisiana Office of Student Financial Assistance (LOSFA), Jack Guinn (Guinn), individually and in his official capacity, Robyn Lively (Lively), individually and in her official capacity, Louisiana Division of Administrative Law (LDAL), Ann Wise (Wise), individually and in her official capacity and Glen Marcel (Marcel), individually and in his official capacity, (collectively Louisiana defendants), for alleged violations of the Higher Education Act, 20 U.S.C. §1701, et seq. (HEA).

Between September 1984 and September 1987, Yvonne Brown executed various promissory notes for guaranteed student loans in Louisiana subject to the provisions of the Higher Education Act. Thereafter, Yvonne Brown defaulted on her obligation to repay the loans, and collection

efforts ensued, culminating in an administrative wage garnishment and intercept of a federal tax refund as provided for in Section 1095(a) of the HEA.

Plaintiffs, now Texas residents, filed suit against all Louisiana Defendants alleging violations of 20 U.S.C. §1095(a) and a companion federal regulation, 34 C.F.R §682.410(b)(9). Plaintiffs also allege that Defendants's actions in relation to 20 U.S.C. §1095(e) violated their constitutional rights to due process and equal protection. Additionally, Plaintiffs make claims for breach of fiduciary duty, breach of contract, and violation of 26 U.S.C. § 6402(d). Specifically, Plaintiffs claim (1) the wage withholding order issued by administrative law judge Glen Marcel was invalid, (2) the administrative hearing was unlawful because it was not rendered within 60 days of the request for hearing, (3) Defendants failed to comply with the federal offset provisions when intercepting the IRS tax returns, and (4) LOSFA did not offer Plaintiffs an opportunity to enter into a repayment agreement prior to garnishment. Plaintiffs seek injunctive and declaratory relief and compensatory and exemplary damages. Louisiana Defendants have filed a Motion to Dismiss for failure to state a claim upon which relief may be granted on all claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. ANALYSIS

### A. Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted. *See Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San*

*Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of its claim that would entitle it to relief. *See Campbell*, 43 F.3d at 975; *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994). The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims. *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex. 1997). "While the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *see also Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002). A complaint must set forth factual allegations respecting each material element necessary to sustain recovery on some actionable theory. *Podiatrist Ass'n, Inc. v. La Cruz Azul de Puerto Rico, Inc.,* 332 F.3d 6, 19 (1st Cir. 2003). Because Brown is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (per curiam). The Court has an obligation to construe *pro se* plaintiff's briefs more permissively and to make more allowances, and *pro se* litigants are subject to less stringent standards than litigants who are represented by counsel. *Id.*

**B.     Qualified Immunity Standard**

3

The doctrine of qualified immunity shields government employees who are performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Thompson v. Upshur County*, 245 F.3d 447, 456 (5th Cir. 2001). The threshold question is whether, on the plaintiff's version of the facts, the officer's conduct violated a currently-existing constitutional right. *See Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (per 17 curiam) (citing *Saucier v. Katz,* 533 U.S. 194, 200 (2001)). If the plaintiff fails to allege a constitutional violation, then the defendant is entitled to qualified immunity and the court need not inquire any further. *Saucier*, 533 U.S. at 201. If, however, the plaintiff has shown a violation of a constitutional right, the court must then determine whether the defendant's actions were "objectively reasonable" in light of "clearly established law" at the time of the alleged violation. *Id.*; *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001).

**C.      All claims against LOSFA and LDAL are barred by Eleventh Amendment Immunity.**

Plaintiff has attempted to file suit against LOSFA and LDAL, state agencies, for violations of 42 U.S.C. §1983, the HEA, breach of contract and various constitutional violations. However, all claims against the state are barred by Eleventh Amendment Immunity. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits brought against it in federal court by her own citizens as well as citizens of another state. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Therefore, Browns's claims under the statutes are constitutionally barred.

4

Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the state has waived its immunity. *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 472-473 (1987). Similarly, the Higher Education Act provides no express or implied private right of action. Congress did not abrogate Eleventh Amendment immunity under the statute, and Louisiana has not waived its sovereign immunity. *Robinett v. Delgado Community College*, No.99-2545, 2000 WL 798407, *5 (E.D. La., June 19, 2000). Lastly, the breach of contract action is a matter of state law and Eleventh Amendment immunity bars its consideration in this court as to the state Defendants. *See id.*

Therefore, any and all claims against state Defendants, LOSFA and LDAL are hereby DISMISSED.

**D.     Claims against Defendant Marcel in his official capacity are barred by judicial immunity.**

The Browns's claims against Judge Glen Marcel are barred by judicial immunity. Plaintiff claims that Judge Marcel conducted a garnishment hearing more than sixty days after their request and therefore issued an unlawful wage withholding order in violation of the HEA. However, all acts about which plaintiffs complain relate to Judge Marcel's function as an administrative law judge, for which he is protected by absolute judicial immunity. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985).

Therefore, all claims against Defendant Glen Marcel are hereby DISMISSED.

**E.     Claims against all Louisiana Defendants are not actionable under either the Higher Education Act or 34 C.F.R. § 682.410.**

All claims against all Louisiana Defendants under the HEA and 34 C.F.R. § 682.410 are invalid and not legally actionable. The Higher Education Act does not establish a private right of action to enforce any of its provisions. *Sibley v. Diversified Collection Services, Inc.,* No. 396-cv-0816, 1998 WL 355492 at *4, n.2 (N.D. Texas, June 30, 1998); *L'Ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir.1992). The HEA does not expressly provide for a private cause of action, but, rather, only provides for a suit brought by or against the Secretary of Education. *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1221 (11th Cir.2002) (per curiam) (citing 20 U.S.C. §§ 1070(b), 1071, 1082, 1094; 34 C.F.R. §§ 668.84-.98). Nearly every court to consider the issue in the last twenty-five years has determined that there is no express or implied private right of action to enforce any of the HEA's provisions. *Id.* at 1221, and cases cited. Similarly, the HEA does not give rise to a breach of contract action, and the fact that Plaintiffs assert a cause of action for breach of contract will not defeat the motion to dismiss for lack of private right of action. Thus, the Browns have failed to state a claim for which relief can be granted against the Louisiana Defendants.

Additionally, there is no private right of action under 34 C.F.R § 682.410. *See Gibbs v. SLM Corp.*, 336 F.Supp.2d 1, 14 (D. Mass. 2004); *White v. Apollo Group,* 241 F.Supp.2d 710, 713 (W.D. Tex. 2003).

Therefore, all claims against all Louisiana Defendants under both the HEA and 34 C.F.R. § 682.410, including breach of contract and breach of fiduciary duty claims are hereby DISMISSED.

**F.      Claims against the Louisiana Defendants in their official capacities are not actionable under 42 U.S.C. §1983.**

The Browns's claims against Louisiana Defendants under 42 U.S.C. §1983 in their official capacities are not legally actionable. Claims for monetary relief under Section 1983 may be asserted only against "persons" as the statute and case law define that term. Neither a state nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989). Thus, it is clear that the plaintiffs fail to state a claim under §1983 against either the Louisiana state agencies or the individual defendants in their official capacities.

Therefore, claims against the individual Louisiana Defendants in their official capacities are hereby DISMISSED.

**G.      Claims against Louisiana Defendants in their individual capacities are barred by qualified immunity under 42 U.S.C. §1983.**

The Browns's claims against the Louisiana Defendants in their individual capacities are invalid as there has been no constitutional violation, and the claims are barred by qualified immunity. Qualified immunity protects government officials from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 276 (5th Cir. 1995). The Court finds that the Browns's complaint fails to allege sufficient facts that would support a claim that Defendants violated a clearly established constitutional right. Plaintiff's claims that the administrative hearing was not conducted within sixty days of the request, pursuant to the HEA, does not constitute a denial of due process. Further, even if there was a valid constitutional claim, the Defendants acts were objectively reasonable. Additionally, Plaintiffs allege no facts whatsoever to support a claim of a violation of

7

the right to equal protection. Therefore, the Louisiana Defendants are entitled to qualified immunity, and Plaintiffs fail to state a claim against them in their individual capacities for which relief may be granted under 42 U.S.C. §1983. Claims against the individual Defendants under 42 U.S.C. §1983 are hereby DISMISSED.

**H. Claims under 26 U.S.C. § 6402(d) are invalid against Louisiana Defendants**.

Plaintiffs claim Defendants breached 26 U.S.C. § 6402(d) because their tax returns were intercepted without notice. Further, Plaintiff Basil Brown claims the tax return was community property and thus he is entitled to a refund of half of the return under Texas law. However, the Browns's claim are improperly brought against the Louisiana Defendants. *Cf. Romero v. U.S*, 784 F.2d 1322, 1323, n.2 (5th Cir. 1986). Therefore, claims against the Defendants under 26 U.S.C. § 6402(d) are DISMISSED.

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss on all of the Browns's claims.  Defendants the Louisiana Office of Student Financial Assistance, Jack Guinn, individually and in his official capacity, Robyn Lively, individually and in her official capacity, the Louisiana Division of Administrative Law, Ann Wise, individually and in her official capacity and Glen Marcel, individually and in his official capacity, are hereby DISMISSED from this action.

**It is so ORDERED.**

8

**SIGNED this 15th** day of February, 2007.

*Jerry Buchmeyer*
_____
**JERRY BUCHMEYER**
**SENIOR UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**