IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

YVONNE BROWN, et al,
      Plaintiffs             :      CIVIL ACTION NO. 3:06-CV-0950-R

v.

LOUISIANA OFFICE OF STUDENT
FINANCIAL ASSISTANCE, et al,
      Defendants

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Psychiatric Solutions, Inc. and Hickory Trail Hospital's **MOTION TO DISMISS** (filed June 22, 2007) (Dkt. No. 92) and Plaintiff's Response (filed July 19, 2007) (Dkt. No. 107). After careful consideration of all parties's submissions and the law applicable to the issues before the Court, the Court GRANTS the Motion to Dismiss.

## I. BACKGROUND

Between September 1984 and September 1987, Plaintiff Yvonne Brown executed various promissory notes for guaranteed student loans in Louisiana subject to the provisions of the Higher Education Act (HEA). Thereafter, Yvonne Brown defaulted on her obligation to repay the loans. Collection efforts ensued, culminating in an administrative wage garnishment issued by the Louisiana Office of Financial Aid (LOSFA) to Brown's employer, The Cedars Hospital[1], and intercept of a federal tax refund as provided for in Section 1095(a) of the HEA. Brown was eventually terminated from her employment at The Cedars Hospital. On May 26, 2006 Plaintiffs

---

[1] The Cedars Hospital was subsequently purchased by Defendant Psychiatric Solutions, Inc. and renamed Hickory Trail Hospital.

1

filed suit in this Court against The Cedars Hospital, LOSFA, and various other Louisiana officials for alleged violations of the Higher Education Act, 20 U.S.C. §1701, et seq.. This Court dismissed the action against the Louisiana Defendants for failure to state a claim upon which relief could be granted (Memorandum Opinion and Order, February 15, 2007) (Dkt. 52).

Plaintiffs, then added Defendants Psychiatric Solutions, Inc. and Hickory Trail Hospital (collectively "PSI Defendants") to this suit alleging violations of the HEA and a companion federal regulation, 34 C.F.R §682.410(b)(9). Specifically, Plaintiffs claim the PSI Defendants conspired to terminate Yvonne Brown due to the wage garnishment orders served upon the hospital. Additionally, Plaintiffs make claims for violation of the constitutional rights to due process and equal protection, breach of fiduciary duty, breach of contract, negligence, gross negligence, intentional infliction of emotional distress, and violations of 26 U.S.C. § 6402(d). Plaintiffs seek injunctive and declaratory relief and compensatory and exemplary damages. The PSI Defendants have filed a Motion to Dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. ANALYSIS

### A. Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted. *See Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint will only be dismissed if it appears

beyond doubt that the claimant can prove no set of facts in support of its claim that would entitle it to relief. *See Campbell*, 43 F.3d at 975; *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994). The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims. *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex. 1997). "While the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *see also Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002). A complaint must set forth factual allegations respecting each material element necessary to sustain recovery on some actionable theory. *Podiatrist Ass'n, Inc. v. La Cruz Azul de Puerto Rico, Inc.,* 332 F.3d 6, 19 (1st Cir. 2003). Because Brown is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam). The Court has an obligation to construe *pro se* plaintiff's briefs more permissively and to make more allowances, and *pro se* litigants are subject to less stringent standards than litigants who are represented by counsel. *Id.*

**B.     Claims pursuant to the Higher Education Act and 34 C.F.R. § 682.410 are not actionable.**

As this Court has previously stated in an earlier Memorandum Opinion and Order in this case, all claims against Defendants under the HEA and 34 C.F.R. § 682.410 are invalid and not legally actionable. (Memorandum Opinion and Order, filed February 15, 2007, Dkt. No. 52). The Higher Education Act does not establish a private right of action to enforce any of its provisions. *Sibley v. Diversified Collection Services, Inc.,* No. 396-cv-0816, 1998 WL 355492 at *4, n.2 (N.D. Texas, June 30, 1998); *L'Ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir.1992). The HEA does not expressly provide for a private cause of action, but, rather, only provides for a suit brought by or against the Secretary of Education. *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1221 (11th Cir.2002) (per curiam) (citing 20 U.S.C. §§ 1070(b), 1071, 1082, 1094; 34 C.F.R. §§ 668.84-.98). Nearly every court to consider the issue in the last twenty-five years has determined that there is no express or implied private right of action to enforce any of the HEA's provisions. *Id.* at 1221, and cases cited. Additionally, there is no private right of action under 34 C.F.R § 682.410. *See Gibbs v. SLM Corp.*, 336 F.Supp.2d 1, 14 (D. Mass. 2004); *White v. Apollo Group,* 241 F.Supp.2d 710, 713 (W.D. Tex. 2003).

For similar reasons, the Browns's various state claims also fail as a matter of law because violations of the HEA do not give rise to a breach of contract action or any tort. Plaintiffs assert causes of action for breach of contract, breach of fiduciary duty, negligence, and gross negligence all of which arise from alleged violations under the HEA. These claims will not defeat dismissal for lack of private right of action. Further, even assuming the validity of these claims, this Court would lack jurisdiction. Generally, if a federal law does not provide a private right of action, a state law cause of action based on its violation does not raise a federal question. *Merrell Dow Pharms.*, 478 U.S. 804, 814 (1986).

Additionally, Plaintiffs' civil conspiracy claim fails. A civil conspiracy claim must arise from an underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable. *See Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex.1996). Here, all of Ms. Brown's allegations are based upon alleged violations of the HEA and the Defendants' determination that Yvonne Brown was not a full-time employee (*See* Plaintiff's Response, ¶ 22). Thus, there is no allegation of an underlying tort, and the Browns have failed to state a claim for which relief can be granted against Defendants.

Therefore, all claims against Defendant pursuant to the HEA and 34 C.F.R. § 682.410, including breach of contract, breach of fiduciary duty, negligence, gross negligence, and civil conspiracy claims are hereby DISMISSED.

**C.    Claims for intentional infliction of emotional distress are unsubstantiated.**

The Browns have not alleged sufficient facts to support a claim for intentional infliction of emotional distress. A complaint must set forth factual allegations respecting each material element necessary to sustain recovery on some actionable theory. *Podiatrist Ass'n, Inc.,* 332 F.3d at 19. As this Court has previously stated, insofar as the claims for intentional infliction of emotional distress depend on alleged violations of the HEA they are invalid. *Sibley,* 1998 WL 355492 at *4, n.2. However, as an additional ground for dismissal, the Browns have also presented insufficient facts to sustain a claim for intentional infliction of emotional distress. Texas law requires a plaintiff to establish four elements to prove a claim for intentional infliction of emotional distress: (1) that the defendant acted intentionally or recklessly; (2) that the conduct was "extreme and outrageous;" (3) that the defendant's conduct caused the plaintiff emotional distress; and (4) that the emotional

distress suffered by the plaintiff was severe. *Kipp v. LTV Aerospace and Defense*, 838 F.Supp. 289, 292-3 (N.D. Tex. 1993); *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1142 (5th Cir.1991). Here, Yvonne Brown claims that she was instructed multiple times to leave work early one day sometime in August, was verbally warned after she refused to do so, and was laid off without severance pay due to financial reasons. These facts do not support a claim for intentional inflection of emotional distress. It is well established that employees in Texas may not sue their employers for intentional infliction of emotional distress based upon mere employment disputes (including transfers, demotions, and discipline), even if the employer's actions are illegal. *Id.* at 293. Further, an employer is not liable under Texas law for any emotional distress that may have resulted from an at-will employee's termination. *Id.* Therefore, Plaintiff's claims for intentional infliction of emotional distress are hereby DISMISSED.

### D. Constitutional Claims are invalid against Defendants.

The Browns claim that the Defendants's actions in relation to the HEA violated their equal protection and substantive due process rights. These claims are barred as a matter of law. First, violations of the HEA do not give rise to a private right of action, and Plaintiffs have produced no other evidence of any constitutional violation. *Sibley,* 1998 WL 355492 at *4, n.2. Furthermore, as a general matter, the protections of the Fourteenth Amendment do not extend to "private conduct abridging individual rights." *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961). Defendants engaged in private conduct, and they are not state actors. Therefore, Plaintiff's constitutional claims are DISMISSED as a matter of law.

**E. Claims under 26 U.S.C. § 6402(d) are invalid against Defendants.**

As this Court stated in an earlier Memorandum Opinion and Order in this case, Plaintiffs have presented no valid claims under 26 U.S.C. § 6402(d). (Memorandum Opinion and Order, filed February 15, 2007, Dkt. No. 52). Plaintiffs claim Defendants breached 26 U.S.C. § 6402(d) because their tax returns were intercepted without notice. Further, Plaintiff Basil Brown joins this action by claiming the tax return was community property and thus he is entitled to a refund of half of the return under Texas law. However, the Browns's claim are improperly brought against the Defendants. *Cf. Romero v. U. S.*, 784 F.2d 1322, 1323, n.2 (5th Cir. 1986). Therefore, claims against the Defendants under 26 U.S.C. § 6402(d) are DISMISSED.

## F. This Court lacks subject matter jurisdiction over Plaintiff's unpaid wages claim.

This Court lacks jurisdiction over Plaintiff's claims for unpaid wages. Yvonne Brown claims the PSI Defendants violated the Texas Payday Law due to their failure to pay her final wages after she was discharged. Wage Claims under this law must be brought before the Texas Workforce Commission within 180 days of the date on which the wages allegedly became due. Tex. Lab. Code § 61.051. Since Plaintiff's claim under the Texas Payday Act raises an issue of State law, the District Court declines to exercise its supplemental jurisdiction because the Court has dismissed all claims over which it has original jurisdiction. S*ee* 28 U.S.C. § 1367(c)(3); *See Lapides v. Board of Regents of the Univ. Sys. Of Ga.*, 535 U.S. 613, 624 (2002). The general rule is "to dismiss state claims when the federal claims to which they are pendant are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir.1992)*; See Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir.1989). Therefore, Plaintiff's claim for unpaid wages pursuant to TEX. LAB. CODE § 61.051 is dismissed without prejudice against Defendants pursuant to FED. R. CIV. P. 12(b)(1).

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants's Motion to Dismiss pursuant to FRCP 12(b)(1) on Yvonne Brown's unpaid wages claim. Additionally, the Court **GRANTS** Defendants's Motion to Dismiss pursuant to FRCP 12(b)(6) on all other remaining claims. Defendants Psychiatric Solutions, Inc. and Hickory Trail Hospital, L.P. are hereby DISMISSED from this action.

**It is so ORDERED.**
    **SIGNED this 10th** day of August, 2007.

                               **JERRY BUCHMEYER**
                               **SENIOR UNITED STATES DISTRICT JUDGE**
                               **NORTHERN DISTRICT OF TEXAS**