IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

YVONNE BROWN, et al,
    Plaintiffs                     :     CIVIL ACTION NO. 3:06-CV-0950-R
                                :
v.                                :
                                :
LOUISIANA OFFICE OF STUDENT  :
FINANCIAL ASSISTANCE, et al,     :
    Defendants                   :

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants's The Cedars Hospital, Don Johnson, individually and in his official capacity, Bill Crowley, individually and in his official capacity, and Interhealth Inc.'s **MOTION TO DISMISS** (filed June 21, 2007) (Dkt. No. 93) and Plaintiff's Response (filed July 11, 2007) (Dkt. No. 103). After careful consideration of all parties's submissions and the law applicable to the issues before the Court, the Court GRANTS the Motion to Dismiss.

## I. BACKGROUND

Plaintiffs Yvonne and Basil Brown (Browns) filed suit against The Cedars Hospital, Don Johnson, individually and his official capacity, Bill Crowley, individually and in his official capacity, and Interhealth Inc. (collectively, Cedars Defendants), for alleged violations of the Higher Education Act, 20 U.S.C. §1701, et seq. (HEA) and a companion federal regulation 34 C.F.R. § 682.410.

Between September 1984 and September 1987, Plaintiff Yvonne Brown executed various promissory notes for guaranteed student loans in Louisiana subject to the provisions of the Higher Education Act (HEA). Thereafter, Yvonne Brown defaulted on her obligation to repay the loans.

1

Collection efforts ensued, culminating in an administrative wage garnishment issued by the Louisiana Office of Financial Aid (LOSFA) to Brown's employer, The Cedars Hospital, and intercept of a federal tax refund payable to Plaintiffs Yvonne Brown and husband Basil Brown as provided for in Section 1095(a) of the HEA. Brown was eventually terminated from her employment at The Cedars Hospital.

On May 26, 2006 Plaintiffs filed suit against the Louisiana Defendants and Cedars Defendants alleging violations of 20 U.S.C. §1095(a) and a companion federal regulation, 34 C.F.R §682.410(b)(9). Specifically, Plaintiffs claim the Cedars Defendants have conspired together to demote, deny benefits to, and terminate the Plaintiff, Yvonne Brown, due to the wage garnishment orders served upon The Cedars Hospital. Plaintiffs also allege that Defendants's actions in relation to 20 U.S.C. §1095(e) violated their constitutional rights to due process and equal protection. Additionally, Plaintiffs make claims for breach of fiduciary duty, breach of contract, negligence, gross negligence, civil conspiracy, intentional infliction of emotional distress, and violations of 26 U.S.C. §6402(d). Plaintiffs seek injunctive and declaratory relief and compensatory and exemplary damages. This Court dismissed the action against the Louisiana Defendants for failure to state a claim upon which relief could be granted (Memorandum Opinion and Order, February 15, 2007) (Dkt. 52). The Cedars Defendants have filed a Motion to Dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. ANALYSIS

### A. Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law

2

and rarely granted. *See Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of its claim that would entitle it to relief. *See Campbell*, 43 F.3d at 975; *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994). The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims. *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex. 1997). "While the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *see also Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002). A complaint must set forth factual allegations respecting each material element necessary to sustain recovery on some actionable theory. *Podiatrist Ass'n, Inc. v. La Cruz Azul de Puerto Rico, Inc.*, 332 F.3d 6, 19 (1st Cir. 2003). Because Brown is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v.*

*Rowe,* 449 U.S. 5, 9 (1980) (per curiam). The Court has an obligation to construe *pro se* plaintiff's briefs more permissively and to make more allowances, and *pro se* litigants are subject to less stringent standards than litigants who are represented by counsel. *Id.*

**B.     Claims pursuant to the Higher Education Act and 34 C.F.R. § 682.410 are not actionable.**

Yvonnne Brown claims that she was (1) demoted, (2) denied full-time employment benefits, (3) denied permission to perform in her promoted position as a staffing coordinator, (4) suffered unjust employer disciplinary action and employer retaliation, and (5) was terminated from her employment, all due to an unlawful wage garnishment order served upon The Cedars Hospital in violation of the HEA and 34 C.F.R. § 682.410. As this Court previously stated in an earlier Memorandum Opinion and Order in this case, all claims against Defendants under the HEA and 34 C.F.R. § 682.410 are invalid and not legally actionable. (Memorandum Opinion and Order, filed February 15, 2007, Dkt. No. 52). The Higher Education Act does not establish a private right of action to enforce any of its provisions. *Sibley v. Diversified Collection Services, Inc.,* No. 396-cv-0816, 1998 WL 355492 at *4, n.2 (N.D. Texas, June 30, 1998); *L'Ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir.1992). The HEA does not expressly provide for a private cause of action, but, rather, only provides for a suit brought by or against the Secretary of Education. *McCulloch v. PNC Bank Inc*., 298 F.3d 1217, 1221 (11th Cir.2002) (per curiam) (citing 20 U.S.C. §§ 1070(b), 1071, 1082, 1094; 34 C.F.R. §§ 668.84-.98). Nearly every court to consider the issue in the last twenty-five years has determined that there is no express or implied private right of action to enforce any of the HEA's provisions. *Id.* at 1221, and cases cited. Additionally, there is no private right of action under 34

C.F.R § 682.410. *See Gibbs v. SLM Corp.*, 336 F.Supp.2d 1, 14 (D. Mass. 2004); *White v. Apollo Group,* 241 F.Supp.2d 710, 713 (W.D. Tex. 2003).

Because violations of the HEA do not give rise to a breach of contract action or any tort, Plaintiffs' various state claims also fail as a matter of law. Plaintiffs assert causes of action for breach of contract, breach of fiduciary duty, negligence, and gross negligence all of which arise from alleged violations under the HEA. These claims will not defeat dismissal for lack of private right of action. Further, even assuming the validity of these claims, this Court would lack jurisdiction. Generally, if a federal law does not provide a private right of action, a state law cause of action based on its violation does not raise a federal question. *Merrell Dow Pharms.*, 478 U.S. 804, 814 (1986).

Additionally, Plaintiffs' civil conspiracy claim fails. A civil conspiracy claim must arise from an underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable. *See Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex.1996). Here, all of Ms. Brown's allegations are based upon alleged violations of the HEA and the Defendants' determination that Yvonne Brown was not a full-time employee (*See* Plaintiff's Response, ¶ 22). Thus, there is no allegation of an underlying tort and, the Browns have failed to state a claim for which relief can be granted against Defendants.

Therefore, all claims against The Cedars Defendant pursuant to the HEA and 34 C.F.R. § 682.410, including breach of contract, breach of fiduciary duty, negligence, gross negligence, civil conspiracy claims, employer retaliation claims, and constitutional claims are hereby DISMISSED.

**C.      Claims for intentional infliction of emotional distress are unsubstantiated.**

The Browns have not presented sufficient evidence to support a claim for intentional infliction of emotional distress. A complaint must set forth factual allegations respecting each material element necessary to sustain recovery on some actionable theory. *Podiatrist Ass'n, Inc. v. La Cruz Azul de Puerto Rico, Inc.,* 332 F.3d 6, 19 (1st Cir. 2003). As this Court has previously stated, insofar as the claims for intentional infliction of emotional distress depend on alleged violations of the HEA they are invalid. *See Sibley,* 1998 WL 355492 at *4, n.2. Furthermore, Plaintiff has presented insufficient facts to sustain a claim for intentional infliction of emotional distress. Texas law requires a plaintiff to establish four elements to prove a claim for intentional infliction of emotional distress: (1) that the defendant acted intentionally or recklessly; (2) that the conduct was "extreme and outrageous;" (3) that the defendant's conduct caused the plaintiff emotional distress; and (4) that the emotional distress suffered by the plaintiff was severe. *Kipp v. LTV Aerospace and Defense*, 838 F.Supp. 289, 292-3 (N.D. Tex. 1993); *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1142 (5th Cir.1991). Here, Yvonne Brown claims that she was instructed multiple times to leave work early one day sometime in August, was verbally warned after she refused to do so, and was laid off without severance pay. These facts do not support a claim for intentional inflection of emotional distress. It is well established that employees in Texas may not sue their employers for intentional infliction of emotional distress based upon mere employment disputes (including transfers, demotions, and discipline), even if the employer's actions are illegal. *Id.* at 293. Further, an employer is not liable under Texas law for any emotional distress that may have resulted from an at-will employee's termination. *Id.* Therefore, Plaintiff's claims for intentional infliction of emotional distress are hereby DISMISSED.

**D. Claims under 26 U.S.C. § 6402(d) are invalid against Defendants**.

As this Court previously stated in an earlier Memorandum Opinion and Order in this case, Plaintiffs have presented no valid claims under 26 U.S.C. § 6402(d). (Memorandum Opinion and Order, filed February 15, 2007, Dkt. No. 52). Plaintiffs claim Defendants breached 26 U.S.C. § 6402(d) because their tax returns were intercepted without notice. Plaintiff Basil Brown joins this action by claiming the tax return was community property and thus he is entitled to a refund of half of the return under Texas law. However, the Browns's claim are improperly brought against the Defendants. *Cf. Romero v. U. S.*, 784 F.2d 1322, 1323, n.2 (5th Cir. 1986). Therefore, claims against the Defendants under 26 U.S.C. § 6402(d) are DISMISSED.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss pursuant to 12(b)(6) on all claims. Defendants The Cedars Hospital, Don Johnson, Individually and his official capacity, Bill Crowley, individually and in his official capacity and Interhealth Inc. are hereby DISMISSED from this action.

**It is so ORDERED.**
　　**SIGNED this 14th** day of August, 2007.

_____
**JERRY BUCHMEYER**
**SENIOR UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**